**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

_____X

George Skabardonis

**Plaintiff**

**Docket No.**

-against-

Wells Fargo Bank, N.A.

**Defendant**

_____X

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**Unlawful Debt Collection Practices**

**TRIAL BY JURY DEMANDED**

Plaintiff, by his attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. The Defendant, Wells Fargo Bank, N.A. violated the Plaintiff's right to privacy by persistently using a robo-dialer to call the Plaintiff's cellular phone, despite the Plaintiff's demands for the calls to stop. These actions invaded the Plaintiff's privacy in the manner in which the Telephone Consumer Protection Act, 47 U.S.C. Section 227 et seq,. was meant to prevent.

2. This is an action for damages brought by an individual consumer for Defendant's violation of the Telephone Consumer Protection Act (TCPA).

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 47 U.S.C. Section 227. Venue in this District is proper in that the Defendant transacts business here, both parties reside here, and the conduct that is the subject of this complaint occurred here.

### III. PARTIES

4. Plaintiff, George Skabardonis, is a natural person residing in New York.

5. Defendant, Wells Fargo Bank, N.A. is a national bank having offices within the Southern District of New York.

6. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. Section 153 (32).

7. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. Section 227(a)(1) and 47 C.F.R. 64.1200 (f) (1).

8. The acts of the Defendant alleged herein were conducted by its employees acting within the scope of their actual or apparent authority.

### IV. FACTUAL ALLEGATIONS

9. Plaintiff repeats paragraphs "1" through "8" as if fully restated herein.

10. Plaintiff previously had a charge card account with Defendant.

11. The Defendant uses an automatic telephone dialing system to make telephone calls.

12. Within the last four years, the Defendant has used an automatic telephone dialing systems to telephone the Plaintiff's cellular telephone.

13. The Plaintiff informed the Defendant that they should stop calling him.

14. Notwithstanding the Plaintiff's demands, the Defendant continued to call the Plaintiff's cellular phone.

15. The Defendant did not have the express consent of the Plaintiff to call his cellular phone.

## V.  CAUSES OF ACTION UNDER THE TELEPHONE CONSUMER PROTECTION ACT

16.  Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

17.  Within the four years preceding the filing of this action, the Defendant made numerous calls to the Plaintiff's cellular telephone service using any automatic telephone dialing system and/or delivered a pre-recorded message in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

18. Under the 47 U.S.C. Section 227 b (3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

19. The Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227 b (3).

20. Pursuant to the 47 U.S.C. Section 227 b (3) the Plaintiff is entitled to an injunction prohibiting the Defendant from using an automated telephone dialing system to call the Plaintiff's cellular phone and prohibiting the Defendant from initiating a call to the Plaintiff's cellular phone to deliver a pre-recorded message.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, for the following:

1.  Statutory damages pursuant to the TCPA as further described herein;

2. An injunction as further described herein; and

3. For such other and further relief as the Court may deem just and proper.


Respectfully submitted,

The Law Office of Joseph Mauro, LLC
Joseph Mauro (JM 8295)
306 McCall Ave.
West Islip, NY 11795


**DEMAND FOR JURY TRIAL**

Please take notice that plaintiffs demand trial by jury in this action.


/s/ Joseph M. Mauro
Attorney for Plaintiff